UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA LYNN FAIRLESS CAMPANILE,

     Plaintiff,

v.                                  Case No:   6:15-cv-1320-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Plaintiff Angela Lynn Fairless Campanile appeals to this Court from the Commissioner of Social Security's final decision to deny her application for supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, the transcript of the hearing, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **affirmed**, pursuant to sentence four of 42 U.S.C. § 405(g).

### I. Background[1]

     At the time of the administrative decision, Plaintiff was forty years old and had completed the eighth grade (Tr. 31, 45, 46, 198-199, 207). She alleged a disability onset date of January 15, 2014 (Tr. 44-45). On that same date, she applied for benefits under Title XVI of the Social Security Act, 42 U.S.C. § 423 (Tr. 175-183). On March 4, 2014, her claims were denied at the initial level (Tr. 102-104). Plaintiff asked for reconsideration

---

[1] The information in this section comes from the parties' joint memorandum filed on April 12, 2016 (Doc. 16).

which was denied on June 20, 2014 (Tr. 115-119). At Plaintiff's request, an ALJ conducted a hearing on December 2, 2014 (Tr. 41-68, 120). The ALJ issued an unfavorable decision on January 16, 2015 (Tr. 21-33). On June 23, 2015, the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 2-7). Thus, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her January 15, 2014 alleged onset date (Tr. 23). At step two, the ALJ found Plaintiff severely impaired by: an affective disorder, a back disorder, chronic obstructive pulmonary disease, tobacco use disorder, and personality disorder (Id.). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part

404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926) (Tr. 23-25).

Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional

capacity ("RFC") to,

> [P]erform sedentary work as defined in 20 CFR 416.967(a)
> except, she should never climb ladders, ropes, scaffolds or
> crawl. The claimant can occasionally climb (ramps/stairs),
> balance, stoop, kneel and crouch. The claimant can
> understand, remember and carry out simple instructions and
> perform simple routine tasks. The claimant can have
> occasional interaction with coworkers and the public.

(Tr. 25-31). At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work (Tr. 31). But, the ALJ ultimately concluded at step five that there were other

jobs in the national economy–like table worker and printed circuit board assembly touch

up screener–that Plaintiff could perform and therefore, she was not disabled (Tr. 31-32).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied

the correct legal standards and whether the ALJ's findings are supported by substantial

evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42

U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a

preponderance. It is such relevant evidence that a reasonable person would accept as

adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176,

1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the

district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The

district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

A.  The ALJ Properly Considered Plaintiff's Subjective Pain Testimony

Plaintiff argues that the ALJ failed to correctly apply the Eleventh Circuit's pain standard when he discredited her pain testimony (Doc. 16 at 12-14). Specifically, Plaintiff argues that it was erroneous for the ALJ to reject her pain testimony because of her failure to follow a prescribed treatment plan. (Id. at 13-14). The Commissioner argues that the ALJ properly considered all evidence of record and that substantial evidence supports the ALJ's findings that Plaintiff's statements were not fully credible (Id. at 14-19).

In the Eleventh Circuit, "[i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); Singleton v. Comm'r Soc. Sec., No. 6:12-cv-683-Orl-GJK, 2013 WL 5236678, at *5 (M.D. Fla. Sept. 17, 2013). If the ALJ discredits subjective testimony, [s]he must articulate explicit and adequate reasons for doing so." Wilson, 284 F. 3d at 1225.

The ALJ concluded that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms. However the ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not credible (Tr. 29). One of the factors the ALJ considered in making this determination was Plaintiff's failure to adhere to her medication treatment plan. But, this was not the sole factor underlying the ALJ's credibility determination. The ALJ couched his credibility findings in an assessment of the record evidence, including diagnostic test results, activities of daily living, and medical opinions of the various physicians who rendered evaluations in the case. (Tr. 25-31). The ALJ observed that,

> Two state agency psychologists, Keith Bauer, Ph.D. (Exhibit 1A) and Shirley Ellis, Ph.D., had the opportunity to evaluate the clinical findings and other reports and opined that the claimant has moderate restrictions of activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no evidence of repeated episodes decompensation for extended periods. Specifically, the claimant was not significantly limited in understanding, remember and carrying out short and simple instructions. She has moderate limitations to interact appropriately with the general public and coworkers or peers.
>
> . . . .
>
> [T]he undersigned accords greater [weight] to the state agency psychologists that [Plaintiff] could understand, remember, and carry out very short and simple instructions, and perform routine simple tasks with occasional interaction with coworkers and the public.
>
> . . . .
>
> The claimant was able to take care of her personal needs . . . She reported that she could walk one block, stand for 15 minutes and had no problems sitting.

(Tr. 26, 30).

Despite ultimately finding her lacking in credibility, the ALJ still took Plaintiff's subjective testimony into consideration,

> Giving the claimant the benefit of the doubt regarding her
> pain, the undersigned partially agrees with the state agency
> opinion and Dr. Barber that she could sit six hours in an eight-
> hour workday with postural limitations. However, the claimant
> would be limited to standing and walking two hours in an
> eight-hour workday and occasionally lifting 10 pounds.

(Tr. 30). Thus, it is apparent from the ALJ's decision that his credibility determination was

based on a consideration of the record evidence as a whole. Moreover, Plaintiff has not

shown how a positive credibility determination would have changed the ALJ's RFC

determination. Given the weight of the record evidence, I conclude that the ALJ's adverse

credibility determination is supported by substantial evidence and respectfully

recommend that the district judge reject Plaintiff's argument on this point.

     B.  The ALJ's Failure to Weigh GAF Scores Is Not Adequate Grounds for Reversal

     Plaintiff argues that the ALJ failed to properly consider the GAF scores assigned to

her by providers at Seminole Behavioral Healthcare (Doc. 16 at 20-23). Plaintiff received

all of her mental health treatment from providers at Seminole Behavioral Healthcare and

was assigned the following GAF scores: 40 (February 25, 2014), 30 (March 13, 2014), 30

(March 21, 2014), and 30 (July 18, 2014)[2] (Tr. 864, 866, 871, 879, 983). Plaintiff argues

that these GAF scores are vital to her disability claim because they represent a

longitudinal picture of her impaired functionality (Doc. 16 at 22).

---

[2] The range of GAF scores can be categorized as follows:

A GAF score of 30 means that a patient is experiencing "[b]ehavior [that is] considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day, no job, home or friends)."

A GAF score of 40 means that a patient is experiencing "[s]ome impairment in reality testing or communication (e.g. speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglect family, and is unable to work, child frequently beats up younger children, is defiant at home, and is failing at school)." https://www.omh.ny.gov/.../global_assessment_functioning.pdf **(last visited on December 8, 2016).**

The GAF scale is a tool used by mental health practitioners to assess an individual's overall level of functioning and make treatment decisions. Ward v. Astrue, No. 3:00-cv-1137-J-HTS, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008); Parsons v. Astrue, No. 5:06cv217/RS-EMT, 2008 WL 539060, at *7 (N.D. Fla. Feb. 22, 2008). The Commissioner has declined to endorse the use of GAF scores in disability assessments. See O'Connell v. Colvin, No. 8:13-cv-2140-T-TGW, 2014 WL 4660633, at *5 (M.D. Fla. Sept. 17, 2014) (citing Wind v. Barnhart, 133 F. App'x 684, 692 n.5 (11th Cir. 2005)); see also Luterman v. Comm'r of Soc. Sec., 518 F. App'x 683, 690 (11th Cir. 2013). "A GAF score does not itself necessarily reveal a particular type of limitation and 'is not an assessment of a claimant's ability to work.'" Ward, 2008 WL 1994978, at *3. And, the American Psychiatric Association abandoned the GAF score in the most recent edition of the DSM "for several reasons, including its conceptual lack of clarity … and questionable psychometrics in routine practice." American Psychiatric Ass'n, DSM, 16 (5th ed. 2013) (quoted in Braid v. Comm'r of Soc. Sec., No. 6:13-cv-230-Orl-GJK, 2014 WL 1047377, at *5 n. 9 (M.D. Fla. Mar. 18, 2014)).

The ALJ's written decision discusses each of Plaintiffs' GAF score along with treatment notes from the relevant medical encounters. The ALJ based his final RFC decision on a consideration of the evidence surrounding Plaintiff's mental impairments, including the GAF scores Plaintiff references in her brief. The ALJ's consideration of the GAF scores was sufficient and he did not err by failing to assign them particular weight. For this reason, I recommend the district judge reject Plaintiff's argument.

## V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be

directed to enter judgment accordingly and **CLOSE** the file.

## VI. Notice To Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record